THIS DISPOSITION IS
CITABLE AS
PRECEDENTOF THE
TTAB
11/29/00

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**2900 Crystal Drive**
**Arlington, Virginia 22202-3513**

EAD

Opposition No. 93,359[1]

MHW, Ltd. and PepsiCo, Inc.

v.

Simex, Aussenhandelsgesellschaft Savelsberg KG

Before Seeherman, Walters, and Rogers, Administrative Trademark Judges.

By the Board:

This case comes up on applicant's motion, filed March 6, 1997, for default judgment under Fed. R. Civ. P. 37(b), which we construe as a motion for sanctions under Trademark Rule 2.120(g)(1). In addition to dismissal of

---

[1] Both parties have submitted papers relevant only to this proceeding which list the proceeding numbers for both Opposition Nos. 93,359 and 98,232. As set forth in the Board's February 2, 1997 order, the filing of an answer in Opposition No. 98,232 was a prerequisite to consolidation. The Board has entered notice of default against applicant in Opposition 98,232 because no answer has been filed and thus no consolidation has taken place.

this opposition proceeding, applicant seeks entry of judgment against opposers on applicant's counterclaim for cancellation of Registration 860,268. The motion has been fully briefed.

As a preliminary matter, the parties are advised that the Board did not consider any papers filed after applicant's reply brief in reaching its decision herein.[2] Such filings have long been disfavored. *See Orion Group Inc. v. The Orion Insurance Co. P.L.C.*, 12 USPQ2d 1923, 1924 (TTAB 1989).[3]

Turning to applicant's motion for default judgment, the record is clear, and the parties do not dispute, that opposers' discovery responses were due on or before March 4, 1997 and that opposers neither served applicant with their discovery responses nor sought an extension on or before March 4, 1997.

---

[2] These papers comprise opposers' April 28, 1997 motion to file a sur-reply, applicant's May 8, 1997 opposition to opposers' motion to file a sur-reply, opposers' May 15, 1997 reply to applicant's opposition, applicant's May 20, 1997 response to the reply (titled "concluding submission"), and opposers' May 28, 1997 response to the response.

[3] The Board notes that, subsequent to the filing of these papers, the Trademark Rules of Practice were changed (effective October 9, 1998) to codify the Board's practice of refusing to consider sur-replies, providing that while the Board may exercise its discretion to consider a reply brief, "No further papers in support of or in opposition to a motion will be considered by the Board." Trademark Rule 2.127(a). *See, Notice*

The record in this proceeding is equally clear that this is not opposers' first failure to provide timely discovery responses to applicant's first set of interrogatories and first request for production of documents. Applicant's requests for discovery were initially served on opposers on June 3, 1994. Responses were not provided and the Board, on June 15, 1995, ordered opposers to file discovery responses within thirty days. On July 20, 1995, applicant agreed, in writing, to a three-week extension of opposers' time to file discovery responses on the express condition "that there shall be no further extensions of time to answer these discovery requests." Finally, the Board's February 2, 1997 order required opposers to comply with the Board's June 15, 1995 order by providing to applicant responses to the requested discovery within thirty days of the date of the Board's decision "regardless of any motions that may be filed herein" and stating that "opposers will be granted absolutely no further extensions of time in which to provide their responses to

---

*of Final Rulemaking,* published in the Federal Register on September 9, 1998 at 63 FR 48081, 48093.

the outstanding discovery requests, except with the consent of applicant."[4]

The record shows that opposers unsuccessfully sought applicant's consent to an enlargement of time on March 5, 1997, the day after the responses were due; that opposers served applicant with responses to the first request for production of documents on March 6, 1997; that opposers served responses to applicant's first set of interrogatories on March 7, 1997; that opposers served applicant with a "supplemental answer to certain interrogatories" on April 1, 1997; and that opposers served applicant with a "supplemental response" to applicant's request for production of documents and things, also on April 1, 1997.

In support of its motion for default judgment, applicant relies on the foregoing undisputed facts; points out that opposers' conduct involves not only repeated failure by opposers to meet their discovery obligations but also repeated failure to comply with Board orders specifically directing opposers to respond

---

[4] The Board's last order in this proceeding also denied as moot opposers' motion to suspend this proceeding pending the outcome of a German cancellation proceeding; and denied applicant's cross-motions for default judgment (on the basis that opposers had failed to comply with the Board's June 15, 1995 order compelling opposers' responses to applicant's discovery requests) and for summary judgment.

to applicant's June 3, 1994 discovery requests; and contends that opposers' protestations of diligence are belied by the vagueness of opposers' reasons for serving those responses late.

Further, applicant argues that opposers' many objections to providing the information sought by the discovery requests, in combination with the contradictory information supplied by the responses and the supplements to responses, yield perfunctory discovery responses "utterly lacking in content".

Opposers argue that the motion for default judgment should be denied because opposers were diligent in complying with the Board's order, because the untimely service of discovery responses was "due to a delay in receiving certain information from a third party licensee, along with the logistics of obtaining final review and signature from two outside parties and an outside counsel"; because opposers attempted to obtain applicant's consent to an enlargement (albeit after the responses were due); and because, failing to obtain applicant's consent to the enlargement, opposers were only a few days late in serving applicant with opposers' discovery responses.

The law is clear that if a party fails to comply with an order of the Board relating to discovery, including an order compelling discovery, the Board may order appropriate sanctions as defined in Trademark Rule 2.120(g)(1) and Fed. R. Civ. P. 37(b)(2), including entry of judgment. *Baron Philippe de Rothschild S.A. v. Styl- Rite Optical Mfg. Co.*, 55 USPQ2d 1848 (TTAB 2000); *Unicut Corp. v. Unicut, Inc.*, 222 USPQ 341 (TTAB 1984); and TBMP Section 527.01.[5] It is obvious from a review of the record that opposers have been engaging for years in delaying tactics, including the willful disregard of the Board's orders. Opposers' protestations that their attempts at compliance have been diligent are unconvincing, and their reasons for delay are undermined by their obvious failure to take any action within the Board ordered periods for responding to applicant's discovery requests. We agree with applicant that the responses and supplements to responses served on applicant demonstrate opposers' intent to continue to delay this proceeding by setting up obstacles to applicant's receipt of clearly relevant information.

---

[5] The Trademark Trial and Appeal Board Manual of Procedure (TBMP) is available in printed form from the Superintendent of Documents, in CD-ROM form from the PTO Office of Electronic

Accordingly, applicant's motion for sanctions in the nature of entry of judgment against opposers is granted as to both the opposition and counterclaim; the opposition is dismissed with prejudice; and Registration 860,268 will be cancelled in due course.


E. J. Seeherman


C. E. Walters


G. F. Rogers

Administrative Trademark Judges,

Trademark Trial and Appeal Board

---

Products, and on the World Wide Web at http://www.uspto.gov/web/offices/dcom/ttab/tbmp/.